IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ABDOULAYE DIOUF, #130455,

Petitioner,

vs.

IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondent.                               Case No. 18-cv-01220-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Abdoulaye Diouf filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in this District on June 8, 2018. (Doc. 1). Petitioner challenges his extended detention by Immigration and Customs Enforcement ("ICE") officials, following an Order of Removal that was entered against him on February 7, 2017. (Doc. 1, pp. 2, 6). He seeks release from custody. (Doc. 1, p. 7).

This matter is now before the Court for review of the § 2241 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

Petitioner has filed this habeas action in the wrong court. The proper venue for filing a § 2241 Petition is generally in the district of confinement. *Wyatt v. United States*, 574 F.3d 455, 459-60 (7th Cir. 2009) (citing *Moore v. Olson*, 368 F.3d 757, 758 (7th Cir. 2004); *al-Marri v. Rumsfeld*, 360 F.3d 707, 709 (7th Cir. 2004)). *See also Morales v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007) (citing *Rumsfeld v. Padilla*, 542 U.S. 426 (2004)). At the time of filing this action, Petitioner was confined in McHenry County Jail, which is located in the federal judicial district for the Northern District of Illinois. He is still housed there pursuant to an Order of Removal that was entered in Chicago, Illinois, which is also situated in the federal judicial district for the Northern District of Illinois.

According to 28 U.S.C. § 1406(a), this Court has authority to dismiss the action or transfer it to any other court where the action could have been brought at the time it was filed. *Id*. The Court deems it necessary to dismiss the § 2241 Petition, rather than transfer it to the Northern District of Illinois.

This is largely because Petitioner did not name the proper respondent in his § 2241 Petition. In *Kholyavskiy v. Achim*, 443 F.3d 946, 952-53 (7th Cir. 2006), the Seventh Circuit held that an immigration detainee challenging his extended confinement while awaiting deportation must name the person who has immediate custody of him during his detention, rather than a high-level ICE official or the Attorney General. *Id*. The person who has immediate custody of Petitioner is the Warden of McHenry County Jail and not ICE. Petitioner failed to name this individual as the respondent in his § 2241 Petition.

Accordingly, the Petition shall be dismissed pursuant to 28 U.S.C. § 1406(a) because it was improperly filed in this District and also because Petitioner names the wrong respondent. However, the dismissal shall be without prejudice to Petitioner refiling his § 2241 Petition in the United States District Court for the Northern District of Illinois, after naming the proper respondent.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1406(a). Petitioner may refile the § 2241 Petition in the United States District Court for the Northern District of Illinois after naming the correct respondent, *i.e.*, Warden of McHenry County Jail (assuming he is still confined there). The Clerk is **DIRECTED** to provide Petitioner with a copy of the § 2241 Petition (Doc. 1) and a blank § 2241 Petition for this purpose.

**IT IS SO ORDERED.**

Judge Herndon
2018.06.25
11:24:56 -05'00'

**United States District Judge**